JAMES T. GILMORE *vs.* CHARLES L. AIKEN & another.

Suffolk. March 18. — June 23, 1875. AMES & ENDICOTT, JJ., absent.

B , by an instrument under seal, sold, transferred and assigned to A. "all the right, title and interest" he had in three described patents, the first issued to himself and C., the second to himself, the third issued to himself and reissued to C., by whom it was assigned to B., and also in a petition for a patent then pending, to have and to hold the same to A. for the full term for which the same were granted or the last might be granted, as fully and entirely as the same would or could have been enjoyed by him had the assignment not been made; authorized A. to use B.'s name, aid and assistance, if necessary, for the purpose of obtaining an extension of any of the patents; assigned all interest which he should thereafter acquire therein, and covenanted that he would do no act which would in any way impair the right he then had to the patents or either of them. *Held*, that the assignment amounted only to a deed of quitclaim; and, the validity of the first and second patents and of the original issue of the third patent not being denied, that promissory notes given in consideration of the sale and assignment of all the patents under this instrument were upon valid consideration, even if the reissue of the third patent was void because not duly granted and issued according to law.

CONTRACT upon two promissory notes, dated April 22, 1871, made by the defendants to the plaintiff, one for $5000 payable in twelve months, and the other for $10,000 payable in eighteen months.

The defendants in their answer alleged, and at the trial before *Endicott*, J., offered evidence tending to prove, that the consideration of these notes was the sale and assignment by the plaintiff to the defendants of his interest in three patents, described in the

instrument of assignment, which they produced at the trial, and which is printed in the margin,* and that the reissue of the third patent was void, because not duly granted and issued according

* "Be it known that I, James T. Gilmore, of Painesville in the county of Lake and State of Ohio, in consideration of one dollar and other good and valuable consideration, to me in hand paid by Walter Aiken and Charles L. Aiken, both of Franklin in the county of Merrimack and State of New Hampshire, do hereby sell, assign and transfer to them all the right, title and interest I have in and to the following described patents; to wit, one bearing date January 26, 1869, and numbered 86,297, issued to myself and one Leonard Anderson as the inventors of a new and useful 'improved machine for dressing millstones;' another bearing date May 26, 1863, and numbered 38,670, issued to myself as the inventor of a new and useful 'improvement in machinery for dressing or working stone.' The other bears date October 28, 1862, originally issued to myself, and reissued to Leonard Anderson, of said Painesville, on the date aforesaid, which said reissue is numbered 3279, and is for a new and useful 'improved machine [for] tramming, staffing and finedressing of millstones,' and assigned by said Anderson to myself.

"Also I hereby sell, assign and transfer to said Walter Aiken and Charles L. Aiken all my right, title and interest in a petition for a patent now pending before the commissioner of patents at Washington in the name of myself and John S. Crane, of Franklin aforesaid, whether the said patent has already been granted and allowed or not, the same being for a further improvement in machines or machinery for dressing and working stone.

"To have and to hold the same to the said Walter Aiken and Charles L. Aiken, their heirs and assigns, for the full term for which the same were granted, and for which the last aforesaid patent may be granted, as fully and entirely as the same would have been or could have been held and enjoyed by me had this assignment and sale not been made; with the further right to whatever extension, if any, may be granted for either of said patents by the commissioner of patents or Congress; and I hereby authorize said Walter Aiken and Charles L. Aiken, or their assigns, to use my name, aid and assistance if the same shall be necessary at any time for any purpose in getting said extension of either or all of said patents; and I hereby agree to assign to them at any time any right which may hereafter be acquired by them in connection with or relating to said patents by extension or otherwise in my name, upon the condition that I shall be in no way charged with any expense in relation to such right or extension; and I do hereby covenant with said Walter Aiken and Charles L. Aiken that I will do no act which shall in any way impair the right I now have to said patents or either of them and hereby assigned to them.

"Witness my hand and seal this twenty-second day of April A. D. 1871.

"James T. Gilmore. [Seal.]

"Witness, Frank D. King. Frank Walton."

to law, and the notes were therefore without consideration and void.

The judge reserved for the determination of the full court the following questions:

1. Whether the instrument of assignment was such as to entitle the defendants to prove that the reissue was invalid.

2. Whether the reissue was void by reason of the facts set forth in the report, which are not now important to be stated.

If the court should decide either of these questions in the negative, the plaintiff was to have judgment for the whole amount of the notes, with interest. If the court should decide both questions in the affirmative, and should further hold that the defendants were entitled to an apportionment or abatement of the amount of the notes, the case was to be sent to an assessor to determine the amount thereof.

*G. L. Roberts*, for the plaintiff, cited, upon the first question, *Whitmore* v. *South Boston Iron Co.* 2 Allen, 52 ; *Harper* v. *Ross*, 10 Allen, 332 ; *Jamaica Pond Aqueduct Co.* v. *Chandler*, 9 Allen, 159 ; *Brown* v. *Jackson*, 3 Wheat. 449 ; *Oliver* v. *Piatt*, 3 How. 333 ; *Adams* v. *Cuddy*, 13 Pick. 460 ; *Allen* v. *Holton*, 20 Pick. 458 ; *Blanchard* v. *Brooks*, 12 Pick. 47 ; *Sweet* v. *Brown*, 12 Met. 175 ; *Hoxie* v. *Finney*, 16 Gray, 332 ; *Jones* v. *Huggeford*, 3 Met. 515 ; *Shattuck* v. *Green*, 104 Mass. 42 ; *Sherman* v. *Champlain Transportation Co.* 31 Vt. 162 ; *Ashcroft* v. *Walworth*, 2 Pat. Off. Gaz. 546 ; *Turnbull* v. *Weir Plow Co.* 7 Pat. Off. Gaz. 173 ; *Johnson* v. *Willimantic Linen Co.* 33 Conn. 436 ; *Woodworth* v. *Hall*, 1 Wood. & M. 389 ; *French* v. *Rogers*, 1 Fisher's Pat. Cas. 133 ; *Read* v. *Bowman*, 2 Wall. 591 ; *Kerr* v. *Lucas*, 1 Allen, 279 ; *Winsor* v. *Lombard*, 18 Pick. 57 ; *Mixer* v. *Coburn*, 11 Met. 559 ; *Lamb* v. *Crafts*, 12 Met. 353 ; *Harmon* v. *Bird*, 22 Wend. 113 ; *Dean* v. *Mason*, 4 Conn. 428 ; *Slaughter* v. *Gerson*, 13 Wall. 379 ; *Taylor* v. *Hare*, 1 N. R. 260 ; *Hall* v. *Conder*, 2 C. B. (N. S.) 22 ; *Smith* v. *Neale*, 2 C. B. (N. S.) 67 *Smith* v. *Scott*, 6 C. B. (N. S.) 771.

*C. Browne & Jabez S. Holmes*, for the defendants, upon the same question, cited *Nash* v. *Lull*, 102 Mass. 60 ; *Parish* v. *Stone*, 14 Pick. 198 ; *Earle* v. *De Witt*, 6 Allen, 520 ; *Henshaw* v. *Robins*, 9 Met. 83 ; *Young* v. *Cole*, 3 Bing. N. C. 724 ; *Barr* v. *Gibson* 3 M. & W. 390.

GRAY, C. J. The extent of the interest undertaken to be con veyed by the plaintiff to the defendants, and of the obligation or estoppel created by such conveyance, depends upon the terms of the written instrument of assignment executed by him to them.

By that instrument, he sells, assigns and transfers to them only the right, title and interest which he has in three patents, one issued to himself and Anderson, a second issued to himself, and a third issued to himself and reissued to Anderson. The further clause, in the nature of a habendum, " to have and to hold the same " " for the full term for which the same were granted," is equally limited by the words " as fully and entirely as the same would have been or could have been held and enjoyed by me had this assignment and sale not been made." The grant is not enlarged, so far as regards the question before us, by the further grant of rights in any extensions of the patents, or by the agreement for further assignment. And the only express covenant is that the plaintiff " will do no act which will in any way impair the right I now have to said patents or either of them and hereby assigned to them." The assignment is in the nature of a quitclaim deed of whatever right, title or interest the plaintiff has or may acquire in the patents specified, and creates no warranty that either of the patents was valid.

The validity of the first and second patents and of the original issue of the third patent is not denied. The transfer of the plaintiff's rights in those was a legal, and there are no facts in the case upon which the court can say that it was not a sufficient consideration for the notes sued on.

According to the terms of the report, therefore, upon which the case has been reserved for our determination, there must be

*Judgment for the plaintiff for the whole amount.*