Arrighi, to use, Appellant, *v.* Renwick.

Argued May 24, 1937. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John E. McDonough,* with him *R. Paul Lessy* and
*Joseph E. Pappano,* for appellant.

*Harold L. Ervin,* of *Lutz, Ervin, Reeser & Fronefield,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1937:

On petition of defendant the court below made absolute a rule to open judgment entered on a bond accompanying a mortgage. From this action the use plaintiff appeals.

The situation in which the parties find themselves grows out of the purchase by Ralph E. Renwick (son of defendant) of a cement block manufacturing business from Peter Arrighi, Inc., on September 1, 1927. Up until that time Ralph E. Renwick had been employed by the seller as its foreman. He was also a stockholder therein. The purchase and sale was evidenced by an agreement in writing bearing the above date, signed by the parties, in which it was set forth that for a consideration of $18,000, of which $2,000 was paid in cash, the corporation sold to Ralph E. Renwick, "All of the cement block manufacturing business heretofore conducted by [the corporation at a location described], including the good will, book accounts, stock on hand, material and machinery" specifically mentioning the machines. The agreement proceeds to state, "The said consideration of eighteen thousand dollars, or the balance thereof *is to be secured* [italics supplied] by a bond and mortgage given by George T. Renwick [father of the vendee] to Peter Arrighi, Inc., secured upon premises being lot and dwelling situate at Parker Avenue and Lafayette Avenue, Collingdale, Pennsylvania." The bond and mortgage were given and on July 19, 1930, judgment was entered on the bond. Subsequently a fi. fa. was issued and, in addition to the property mentioned in the mortgage, other real estate belonging to defendant was levied upon.

The principal reason assigned for opening the judgment is that the consideration for the purchase of the property failed, due to the fact that the buyer, about

two years following the purchase, could not continue to use the formula or process for manufacturing the cement blocks, by which his and his predecessor's production had been carried on, because of a decree of the United States Court. He then resorted to another method of manufacture which was more expensive, the business did not prosper and he was compelled to close it down in 1931, selling the machinery for $250. Arrighi testified without contradiction that when the business and property were sold to Renwick in 1927 they had a value of $24,000.

We are unable to see anything in the agreement of sale relative to a process of manufacture, or anything in the nature of a warranty as to a process. It simply covers the sale of the business theretofore conducted by the seller. There could be no implied warranty that the use of the formula would not infringe upon the rights of others: *Leese v. Gloekler Co.*, 287 Pa. 295, 135 A. 206. It is difficult to see how in view of this it could be said there was a failure of consideration. *Geist v. Stier,* 134 Pa. 216, 19 A. 505, does not rule the case for appellee, particularly so in view of our decision in *Leese v. Gloekler Co.*

The purchaser continued in possession of the property, operated it for four years, made no offer to return it and then sold the machinery and pocketed the proceeds. A reading of the testimony strongly indicates that the failure of the business was due more to the financial depression than to any other cause. We think there was no sufficient evidence produced to warrant the opening of the judgment.

Another phase of the matter requires consideration. The mortgage and bond were not given as payment of the consideration, but as security. It was argued by appellee that because the agreement recites that the consideration of $18,000 or the balance thereof "is to be secured by a bond and mortgage given by George T. Renwick . . . secured upon premises being lot and dwell-

ing situate at Parker Avenue and Lafayette Avenue" and because defendant testified without contradiction that plaintiff said he was satisfied with the premises described in the mortgage as security, the lien of the judgment, if the judgment is not opened, should be limited to the property mentioned. The bond as given was unrestricted. The obligation itself contradicted the testimony of defendant. There is no sufficient evidence to show that the restriction was omitted from the bond by fraud, accident or mistake. The rule in *Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791, and the cases which follow it, the last one being *Miners Savings Bank v. Tracy*, 326 Pa. 367, 192 A. 246, in which it was endeavored to restrict execution on a judgment by parol evidence, compel us to hold that there is nothing to limit the general terms of the bond or the effect of the judgment entered upon it.

The order of the court opening the judgment is set aside; costs to be paid by defendant.